Filed 1/28/15  P. v. Creech CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY CREECH,<br><br>    Defendant and Appellant. | 2d Crim. No. B251555<br>(Super. Ct. No. 2012036487)<br>(Ventura County) |

Appellant Timothy Creech and his codefendant, Scott Andrew Gannon, were charged with three counts of grand theft firearm (Pen. Code, § 487, subd. (d)(2))[1] and one count of second-degree burglary (§ 459).  Each count alleged appellant had served prior prison terms.  (§ 667.5, subd. (b).)

The People moved for an order allowing introduction during trial of two recorded conversations between Gannon and his wife and between Creech and his mother.  Appellant objected to the motion and also to the admission of statements from his custodial interview with investigators, claiming his *Miranda*[2] rights were violated. Following an Evidence Code section 402 hearing, the trial court overruled the objections.

---

[1]All statutory references are to the Penal Code unless otherwise stated.
[2] *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

The jury found appellant guilty on all counts, and he admitted the prison priors. The trial court revoked his probation in two earlier cases (Nos. 2011040816 and 2011005194), and sentenced him to four years on count one, consisting of the upper term of three years plus a consecutive one-year term for a prison prior, and imposed a consecutive term of eight months in each of the two earlier cases, for an aggregate term of five years four months in state prison. It stayed the sentence on the other counts and struck the remaining prison prior allegations. Appellant was awarded 856 days of credit for time served.

Appellant filed a timely notice of appeal. We appointed counsel to represent him.

David Mills resided on property with a cell phone tower and storage shed. On November 15, 2011, Mills heard loud banging noises coming from the tower. When he approached the area, he smelled cigarette smoke and saw a parked truck and trailer. After firing a shot into the air, he called for assistance.

A neighbor saw a white Toyota truck coming from the tower area and noted its license plate number. Another neighbor saw a person run down the road and jump into the bushes. The door to the shed had been forced open and several guns were missing. The trailer had been abandoned.

Two weeks earlier, Gannon had been seen with a white Toyota truck and trailer with the same plate numbers. Sheriff's deputies found the truck and appellant at Gannon's residence. Appellant's arms were scratched, and inside the truck was an open pack of Camel cigarettes. A cigarette butt, found near the cell tower, contained markings of a Camel cigarette and provided a DNA sample that matched appellant's.

During a custodial interrogation, appellant stated he was in Ventura the night of the burglary. When a detective asked him what the data from his cell phone would reveal, appellant admitted he was in the area, but denied any involvement. He said that if he were released, "he could get the guns back probably within an hour."

Deputies recorded a telephone conversation in which Gannon told his wife he was arrested for "a burglary." When his wife asked which one, he responded, "the one

2

with Tim."  In another recorded conversation, appellant reassured his mother, "I've done this for 28 years.  I got it handled."

Appointed counsel filed a brief raising no issues and requesting our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  On May 14, 2014, we notified appellant that he had 30 days in which to advise us of any claims he wished us to consider.  We have received no response.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

3

Charles W. Campbell, Judge

Superior Court County of Ventura
_____


Shea S. Murphy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.